UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BJP, L.L.C., a Washington limited liability company, WILLIAM M. PALMER, and SANDRA LEE PALMER, a married man and married woman and their marital community, and JOHN PARK and WAN CHA PARK, a married man and a married woman and their marital community,<br><br>                Plaintiffs,<br><br>   v.<br><br>KITSAP COUNTY, a municipal Corporation, JAN ANGEL and JOHN DOE ANGEL, and their marital community, JOSH BROWN and JANE DOE BROWN, and their marital community, STEVE BAUER and JANE DOE BAUER, and their marital community, JEFFREY ROWE-HORNBAKER and JANE DOE, and their marital community, LARRY KEETON and JANE DOE KEETON, and their marital community, DENNIS OOST and JANE DOE OOST, and their marital community, and RICK McNICHOLAS and JANE DOE McNICHOLAS, and their marital community,<br><br>                Defendants. | CASE NO. 10-5678 RJB<br><br>ORDER ON PLAINTIFFS' AND DEFENDANTS' VARIOUS MOTIONS |

This matter comes before the Court on Plaintiffs' Motion to Consider Plaintiffs' Motion for Continuance Prior to Consideration of Defendants' Motion for Summary Judgment (Dkt. 32), Plaintiffs' Motion for Continuance of the Date for Hearing and Responding to the County's Motion for Summary Judgment (Dkt. 30), Defendants' Motion for Summary Judgment (Dkt. 25), Plaintiffs' Motion for Summary Judgment (Dkt. 21), and Motion to Amend Complaint (Dkt. 27). The Court has considered the pleadings filed regarding these motions and the remaining record.

## I.  FACTS

This case arises from the Kitsap County, Washington Board of Commissioners' ("BOCC") December 20, 2007, decision to overturn a hearing examiner's decision and deny Plaintiff BJP, L.L.C.'s ("BJP") application to build a mixed use development in Manchester, Washington.  Dkt. 1-2.  The development was referred to as "Manchester Commons."  *Id.* Plaintiffs William Palmer and John Park are members of BJP.  *Id.*  Individual Defendants Jan Angel, Josh Brown, and Steve Bauer are Kitsap County Commissioners.  *Id.*  Defendants Rowe-Hornbaker, Keeton, Oost, and McNicholas are employees of the Kitsap County Development Department.  *Id.*

Plaintiffs assert that they filed a timely appeal of the BOCC's decision pursuant to Washington's Land Use Petition Act ("LUPA").  *Id.*  In June of 2008, the Kitsap County, Washington Superior Court granted relief to BJP under LUPA, reversing the BOCC's decision and reinstating the hearing examiner's decision to grant approval of BJP's application.  Dkt. 22-1.  In doing so the Superior Court found that the ordinance relied upon by the BOCC in overturning the hearing examiner "was unconstitutionally vague."  Dkt. 22-1, at 3.

On August 30, 2010, this case was filed in Kitsap County, Washington Superior Court and it was removed to this Court on September 22, 2010.  Dkt. 1.  Plaintiffs make claims under

federal law for violation of their due process and equal protection rights pursuant to 42 U.S.C. § 1983. Dkt. 1-2. Plaintiffs make a claim under Washington law for tortious interference of a business expectancy. *Id.* Plaintiffs seek declaratory relief: that Plaintiffs' "rights to due process and equal protection" have been violated. *Id.* They also seek damages, attorneys' fees, and costs. *Id.*

Plaintiff filed a Motion for Summary Judgment on April 8, 2011, arguing that: 1) this Court should accord full faith and credit to the Kitsap County, Washington Superior Court's June 2008 judgment, 2) find that the site plan review regulation as applied by the BOCC was unconstitutionally vague, and accordingly, 3) that "Kitsap County is liable under § 1983 for violating BJP's right to due process." Dkt. 21.

On April 14, 2011, Defendants moved for summary dismissal of all claims. Dkt. 25. Defendants argue that: 1) Plaintiffs Park and Palmer have no standing, 2) the individual defendants are qualifiedly immune from suit and have quasi-judicial immunity, 3) many of the claims are barred by the statute of limitations, 4) the due process claim should be dismissed, and 5) the equal protection claim should be dismissed as groundless. *Id.*

On April 26, 2011, Plaintiffs filed a Motion to Amend Complaint. Dkt. 27. Plaintiffs state that they seek to add a claim for negligence and "will be removing references to lost profits and will expressly ask for damages for mental suffering." *Id.,* at 2.

On April 27, 2011, Plaintiffs filed a Motion for Continuance of the Date for Hearing and Responding to the County's Motion for Summary Judgment. Dkt. 30. Plaintiffs state that they make the motion for a continuance pursuant to Fed. R. Civ. P. 56 (d). *Id.* Plaintiffs state that they need a continuance to "take depositions of County Commissioners and the County's [Fed.

ORDER ON PLAINTIFFS' AND DEFENDANTS'
VARIOUS MOTIONS- 3

1  R. Civ. P. 30 (b)(6)] witness." *Id.,* at 2.  Plaintiffs seek a continuance of Defendants' Motion for

2  Summary Judgment to June 24, 2011.  *Id.*

3       Plaintiffs also filed a Motion to Consider Plaintiff's Motion for Continuance Prior to

4  Consideration of Defendants' Motion for Summary Judgment.  Dkt. 32.

5       On May 6, 2011, Plaintiffs' refiled their Motion to Amend Complaint, renoting the

6  motion for May 27, 2011.  Dkt. 45.  There do not appear to be any differences between

7  Plaintiffs' April 26, 2011, Motion to Amend Complaint, and the May 6, 2011, Motion to Amend

8  Complaint.

9       This opinion will address Plaintiffs' Motion to Consider Plaintiffs' Motion for

10  Continuance Prior to Consideration of Defendants' Motion for Summary Judgment (Dkt. 32),

11  Plaintiffs' Motion for Continuance of the Date for Hearing and Responding to the County's

12  Motion for Summary Judgment (Dkt. 30), Defendants' Motion for Summary Judgment (Dkt. 25),

13  Plaintiffs' Motion for Summary Judgment (Dkt. 21), and Plaintiffs' Motion to Amend Complaint

14  (Dkt. 27).

15                  **II.**    <u>**DISCUSSION**</u>

16  **A.  PLAINTIFFS' MOTION TO CONSIDER PLAINTIFFS' MOTION FOR A CONTINUANCE UNDER FED. R. CIV. P. 56 (d) FIRST and PLAINITFFS'**

17  **MOTION FOR CONTINUANCE UNDER FED. R. CIV. P. 56 (d)**

18       Pursuant to Fed. R. Civ. P. 56 (a), "[t]he court shall grant summary judgment if the

19  movant shows that there is no genuine dispute as to any material fact and the movant is entitled

20  to judgment as a matter of law."  Rule 56 (d) further provides that if the non-moving party shows

21  "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify

22  its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to

23  obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  A

24

1  party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that
2  further discovery would reveal, and explain why those facts would preclude summary
3  judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).
4      Plaintiffs' Motion to Consider Plaintiffs' Motion for Continuance Prior to Consideration of
5  Defendants' Motion for Summary Judgment (Dkt. 32) should be denied.  Pursuant to Fed. R.
6  Civ. P. 56 (d), the rule under which Plaintiffs seek the continuance, the Court must consider
7  issues raised in the summary judgment motion in order to decide whether to grant the
8  continuance.
9      To the extent Plaintiffs seek to defer consideration of Defendants' Motion for Summary
10 Judgment pursuant to Fed. R. Civ. P. 56 (d), their motion should be granted.  Plaintiffs argue that
11 key to their due process, equal protection and wrongful interference with a business expectancy
12 claims is "the delay to the project caused by Defendants." Dkt. 30, at 9.  Plaintiffs have shown
13 that they are unable to "present facts essential to justify their opposition" under Rule 56 (d).
14 They have pointed to possible facts further discovery may reveal and the relevance of those facts
15 to the summary judgment motions. *Tatum*, at 1100.  Further, the motion is timely - the discovery
16 cut off in this case is July 11, 2011, and the dispositive motions deadline is August 9, 2011.  Dkt.
17 19.
18     Although Plaintiffs seek a continuance of Defendants' Motion for Summary Judgment,
19 pursuant to Rule 56 (d) (1), Defendants' Motion for Summary Judgment (Dkt. 25) should be
20 denied without prejudice.  Further, Plaintiffs' Motion for Summary Judgment (Dkt. 21) overlaps
21 issues raised in Defendants' Motion for Summary Judgment (Dkt. 25).  In an effort to conserve
22 resources, Plaintiffs' Motion for Summary Judgment ( Dkt. 21) should be considered with
23 Defendants' Motion for Summary Judgment (Dkt. 25).  Accordingly, both Defendants' Motion
24

1  for Summary Judgment (Dkt. 25) and Plaintiffs' Motion for Summary Judgment (Dkt. 21)

2  should be denied without prejudice pursuant to Fed. R. Civ. P. 56 (d)(1).

3  **B.  PLAINTIFFS' MOTIONS TO AMEND COMPLAINT**

4  It appears, based on Plaintiffs' May 6, 2011, Motion to Amend Complaint, that Plaintiffs

5  intend to renote their April 26, 2011, Motion to Amend Complaint (Dkt. 27) to May 27, 2011.

6  Plaintiffs' Motion to Amend Complaint (Dkt. 27, refiled as Dkt. 45) should be renoted to May

7  27, 2011.

## III.  ORDER

It is **ORDERED** that:

- Plaintiff's Motion to Consider Plaintiff's Motion for Continuance Prior to Consideration of Defendants' Motion for Summary Judgment (Dkt. 32) is **DENIED**;

- Plaintiffs' Motion for Continuance of the Date for Hearing and Responding to the County's Motion for Summary Judgment (Dkt. 30), is **GRANTED** insofar they seek relief from immediate consideration of Defendants' Motion for Summary Judgment;

- Defendants' Motion for Summary Judgment (Dkt. 25)is **DENIED WITHOUT PREJUDICE**;

- Plaintiffs' Motion for Summary Judgment (Dkt. 21) is **DENIED WITHOUT PREJUDICE;**

- Plaintiffs' Motion to Amend Complaint (Dkt. 27 refiled as Dkt. 45) is **RENOTED** to **May 27, 2011**.

1     The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.
3     Dated this 12th day of May, 2011.

                                                 ROBERT J. BRYAN
                                               United States District Judge